UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES DUREL, ET AL | CIVIL ACTION |
| VERSUS | NO. 13-5991 |
| SHERRI HOWARD, ET AL | SECTION "N"  (2) |

## ORDER AND REASONS

Before the Court is the plaintiffs' Motion to Remand **(Rec. Doc. 6)**.    Defendant's response is filed at Rec. Doc. 8.

Plaintiffs Charles and Elizabeth Durel are Louisiana residents who seek damages for personal injuries allegedly sustained by Charles Durel on April 4, 2012, when the vehicle he owned and was driving was allegedly rear-ended by another vehicle.  The plaintiffs brought suit in the Twenty-Fourth Judicial District Court, Parish of Jefferson, against:  (1) Sherri Howard, the driver of the other vehicle; (2) US Agencies Insurance Company, Howard's liability insurer; and (3) Durel's own uninsured motorist carrier, Hartford Insurance Company.   Plaintiffs settled their claims against the alleged tortfeasor (Howard) and her insurer (US Agencies) on June 28, 2013. Rec. Doc. 6-5.  On September 18, 2013, they filed a motion to dismiss these two defendants, which was granted on September 20, 2013. Rec. Doc. 1-2 at 16-17 of 22.  Hartford removed the case to this Court on October 1, 2013, on grounds of diveristy.

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* Federal courts have diversity jurisdiction where there is complete diversity between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). In this case, no one questions that the jurisdictional amount is met. The dispute concerns diversity of citizenship.

In removal cases, as a general rule, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). However, an exception to this rule exists where the non-diverse defendant is dismissed voluntarily by the plaintiff. In such cases, the matter becomes removable even though diversity did not exist at the time suit was filed. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967); *see also, e.g., Smith v. Union Carbide Corp.,* 2013 WL 6244199 *2-3 (E.D. La. 2013); *Mumfrey v. ANCO Insulations,* 2011 WL 4745626 (E.D. La. 2011).

Here, the defendant asserts that the case became removable when the plaintiffs settled with and voluntarily dismissed Sherri Howard and US Agencies, the only non-diverse defendants. *See* Rec. Docs. 6-5 and 1-2 at 16-17 of 22. The order granting the plaintiffs' partial motion to dismiss contained the following language:

> ON MOTION of plaintiffs, Charles Durel, husband of/and Elizabeth Durel...and on suggesting...that this matter has been partially compromised and settled, including all interventions and liens as to defendants, Sherri Howard and US Agencies Insurance Company, plaintiffs wish to dismiss, with prejudice, Sherri Howard and US Agencies Insurance Company, each party to bear its own costs,

>   reserving all plaintiffs' rights against all remaining defendants...including but not
>   limited to Hartford Insurance Company, as the UM carrier of Charles Durel and
>   Elizabeth Durel; and that Sherri Howard remains a defendant, in name only, in order
>   to perfect the reservation of recovery rights against any excess insurance coverage,
>
>   IT IS ORDERED, ADJUDGED AND DECREED that the above captioned
>   matter on behalf of Charles Durel, husband of/and Elizabeth Durel, be and the same
>   is hereby DISMISSED, with prejudice, as to Sherri Howard and US Agencies
>   Insurance Company, ONLY, each party to bear its own costs, and that defendant
>   Sherri Howard, remain as a nominal defendant, in order to reserve rights of plaintiffs
>   against any excess insurance coverage.

Rec. Doc. 1-2 at 16-17 of 22.  The legal effect of the order would seem quite clear.  Because the plaintiffs' claims against the two in-state defendants were dismissed voluntarily and with prejudice, the case became removable.  *See Smith,* 2013 WL 6244199 at *2-3.  Plaintiffs, however, point to the language in the order "that defendant Sherri Howard, remain as a nominal defendant, in order to reserve rights of plaintiffs against any excess insurance coverage."  They argue that the settlement was a "*Gasquet* release" and that because Sherri Howard remained a "nominal defendant, in order to reserve rights of plaintiffs against any excess insurance coverage," her citizenship cannot be disregarded.  The Court disagrees.

Although adorned with language that appears superficially *Gasquet*-like, the release here is not a *Gasquet* release and does not implicate the concerns at issue in *Gasquet*.[1]  In *Gasquet*, the plaintiff settled with the tortfeasor's primary liability insurer for less than policy limits and continued to pursue his direct action claim against the tortfeasor's excess insurer.  *Id.* at 470-72.  Toward that end, the plaintiff released his claims against the tortfeasor to the extent they might be recovered from the tortfeasor directly, but specifically reserved his claims against the

---

[1] *Gasquet v. Commercial Union Ins. Co.,* 391 So.2d 466 (La. Ct. App. 4th Cir. 1980), *writ denied*, 396 So.2d 921, 922 (La. 1981).

3

tortfeasor to the extent that collectible coverage was afforded the tortfeasor "by the said policy of excess insurance issued by Stonewall." *Id.* The tortfeasor in *Gasquet* was not dismissed by the plaintiff,[2] but instead proceeded as a proper defendant throughout the trial of the case and on appeal.[3] The circumstances in *Gasquet* likely would have precluded removal had it been attempted. Although the plaintiff in that case released his right to collect from the in-state tortfeasor directly, he retained a very real and specific claim against the tortfeasor, and the tortfeasor remained a true, proper party defendant.

In contrast, there is no indication in this case that the alleged tortfeasor (Sherri Howard) was an insured under any policy (other than the US Agencies policy) that might afford coverage for the plaintiffs' claims. The only remaining defendant is the plaintiffs' own UM carrier, whose obligations, if any, are clearly unaffected by Howard's release. It has long been well settled that a tort victim, "despite his release of the tortfeasor, nevertheless retain[s] all of his rights as against his UM carrier." *Carona v. State Farm Ins. Co.,* 458 So. 2d 1275, 1279 (La. 1984);

---

[2] Indeed, until recently, it was widely held that absent certain special circumstances enumerated in the direct action statute, a plaintiff had to maintain his suit against the insured tortfeasor in order to preserve his direct action against the tortfeasor's insurers. This view was dispelled in *Soileau v. Smith True Value and Rental*, 2013 WL 3305265 (La. 6/28/13), a four-to-three decision, wherein the Louisiana Supreme Court held that so long as the action is commenced against both the insurer and the insured tortfeasor, the case may proceed against the insurer alone (without the six special circumstances enumerated in La. Rev. Stat. § 22:1269(B)(1)(a)–(f) being implicated) "regardless of whether the insured tortfeasor is thereafter dismissed." *Id.*

[3] At the conclusion of trial, after the jury's verdict, the trial court dismissed the plaintiff's claims against the tortfeasor (H & B Construction Company of Louisiana, Inc.) and its excess insurer, based upon the jury's finding of contributory negligence. 391 So.2d at 468. The Court of Appeal reversed this dismissal upon finding manifest error in the jury's verdict that plaintiff's own negligence had been a proximate cause of his injuries. *Id.* at 478.

*Gaspard v. Allstate Ins. Co.,* 903 So. 2d 518 (La. Ct. App. 3d Cir.), *writ denied*, 917 So. 2d 1114 (La. 2005). Under these circumstances, the Court finds the language regarding Howard's retention as a "nominal defendant" in order to preserve plaintiffs' rights "against any excess insurance coverage" to be legally meaningless. The plaintiffs have voluntarily dismissed their claims against Howard with prejudice and thus have no possibility of recovery against her. Removal was therefore proper, and the in-state defendants' consent to removal was unnecessary. Accordingly;

**IT IS ORDERED** that plaintiff's Motion to Remand (**Rec. Doc. 6**) is hereby **DENIED**.

New Orleans, Louisiana, this 11th day of December 2013.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**